AMSL LEGAL GROUP, LLP                                    E-FILED: 02/14/14
Chris C. Chapman (State Bar No. 234738)
Christopher R. Blevins (State Bar No. 270087)
400 Exchange, Suite 100
Irvine, California 92602
Telephone:   949-265-9940
Facsimile:   949-236-5567

Attorneys for Defendant,
BANK2 dba BANK2 NATIVE AMERICAN HOME LENDING (erroneously sued as "Bank2
Native American Home Lending, LLC)

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNY D. WHITEHURST, an individual and borrower,<br><br>                    Plaintiff,<br><br>vs.<br><br>BANK2 NATIVE AMERICAN HOME LENDING, LLC, a business entity; and DOES 1 through 10 inclusive,<br><br>                    Defendants. | Case No.: CV 14-00318-TLN-AC<br><br>MAGISTRATE ALLISON CLAIRE<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FRCP 12(b)(6)]**<br><br>[Request for Judicial Notice Filed Concurrently Herewith]<br><br>**Hearing Date:**<br>Date:  March 19, 2014<br>Time:  10:00 a.m.<br>Ctrm:  26 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on Wednesday, March 19, 2014 at 10:00 a.m., or as

soon thereafter as may be heard in Courtroom 26 (8th Floor) of the above entitled Court, located

at 501 I Street, Room 4-200, Sacramento, CA 95814, or otherwise as may be directed by the

Court, defendant BANK2 dba BANK2 NATIVE AMERICAN HOME LENDING ("BANK2"

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1

or "Defendant") will hereby move this Court to dismiss the Complaint of Plaintiff Genny D. Whitehurst ("Plaintiff").

This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on that grounds that the Complaint fails to state a claim upon which relief may be granted. The Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrent Request for Judicial Notice, any reply thereto, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is property, as well as any oral argument that may be presented at the time of the hearing.

Pursuant to Local Rule 230, any Response and/or Opposition to this Motion must be filed with the Court and served no later than 14 days before the date designated for the hearing on this Motion.

Dated:  February 14, 2014                              AMSL LEGAL GROUP, LLP


                                                By: /s/ Chris C. Chapman
                                                    Chris C. Chapman
                                                    Attorneys for Defendant,
                                                    BANK2 dba BANK2 NATIVE
                                                    AMERICAN HOME LENDING

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1

2

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................................... 3

   A. Loan ...................................................................................................................... 3

   B. The First Lawsuit ................................................................................................. 3

III.  PLAINTIFF'S FIRST CLAIM(S) FOR CANCELLATION OF VOID CONTRACT AND BREACH OF CONTRACT FAILS ............................................................................. 4

   A. Plaintiff's Breach of Contract Claim Fails Because Plaintiff Failed to Alleged Her Own Performance, Plaintiff Admits Her Own Breach, and Fails to Allege a Breach by BANK2 ..... 4

   B. Plaintiff's Cancellation of Void Contract Claim Fails Due to Lack of Tender ................. 6

IV.  PLAINTIFF'S SECOND CLAIM FOR ACTUAL FRAUD AND ENTIRE COMPLAINT THAT SOUNDS IN FRAUD FAILS BECAUSE IT DOES NOT MEET THE HEIGHTENED PLEADING REQUIREMENTS OF RULE 9, FAILS TO DEMONSTRATE ANY FRAUD COMMITTED BY BANK2, AND IS BARRED BY THE THREE YEAR STATUTE OF LIMITATIONS................................................................................................................. 8

V.   PLAINTIFF'S THIRD CLAIM BREACH OF FIDUCIARY DUTY FAILS BECAUSE THERE IS NO FIDUCIARY DUTY BETWEEN PLAINTIFF AND THE ORIGINAL LENDER BANK2 AS A MATTER OF LAW .......................................................................... 11

VI.  PLAINTIFF'S SIXTH CLAIM FOR VIOLATION OF COVENANT OF GOOD FAITH AND FAIR DEALING FAILS BECAUSE THERE IS NO FIDUCIARY DUTY BETWEEN PLAINTIFF AND BANK2 AND PLAINTIFF HAS FAILED TO ALLEGE ANY CONTRACTUAL PROVISION FRUSTRATED BY BANK2 TO SUPPORT SUCH A CLAIM ………………………………………………………………………………13

VII. PLAINTIFF'S FIFTH CLAIM FOR VIOLATION OF THE CALIFORNIA BUSINESS & PROFESSION CODE SECTION 17200 FAILS BECAUSE THE CLAIMS LACKS THE REQUISITE PARTICULARITY, THERE IS NO BORROWED LAW TO SUPPORT THE CLAIM, AND THERE IS NO LOST MONEY OR PROPERTY ALLEGED........................... 16

VIII.    PLAINTIFF'S FIFTH CLAIM FOR DECLARATORY RELIEF FAILS BECAUSE IT SEEKS IDENTICAL RELIEF ALREADY REQUESTED IN THE OTHER CLAIMS AND IS DERIVATIVE OF THOSE CLAIMS ..................................................................... 19

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

i

IX.  CONCLUSION ...................................................................................................... 21

## TABLE OF AUTHORITIES

**Cases**

*Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.4th 83, 114 (2000)................. 7

*Babb v. Superior Court*, 3 Cal.3d 841, 848 (1971)............................................................ 19

*Camilo v. Wash. Mut. Bank, F.A.*, 2009 WL 3614793, *13 (E.D. Cal. Oct. 27, 2009)............... 20

*Canova v. Trs. of Imperial Irrigation Dist. Employee Pension Plan*, 150 Cal.App.4th 1487, 1497

    (2007) ............................................................................................................................ 20

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180 (1999) .. 17

*Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) .......................... 17

*Champlaie v. BAC Home Loans Servicing, LP*, 706 F.Supp.2d 1029, 1056 (E.D. Cal. Oct. 22,

    2009) ............................................................................................................................. 11

*County of San Diego v. California*, 164 Cal.App.4th 580, 607 (2008) ........................................ 19

*Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994) .................................................. 10

*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1367.................................................. 5

*Estillore v. Countrywide Bank FSB*, 2011 WL 348832, *21-22 (E.D.Cal.2011) ........................ 7

*Fairchild v. Park* (2001) 90 Cal.App.4th 919, 927.................................................................. 13

*Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal.App.4th 1388, 1404 (2002) ........................................ 20

*Gautier v. General Tel. Co.*, 234 Cal.App.2d 302, 305 (1965) ...................................................... 5

*Gen. of Am. Ins. Co. v. Lilly*, 258 Cal.App.2d 465, 470 (2009)...................................................... 20

*Hague v. Wells Fargo Bank, N.A.*, 2012 WL 1029668, * 7 (N.D.Cal.2012)................................. 6

*Hall v. Time, Inc.*, 158 Cal.App.4th 847, 849 (2008) ................................................................ 17

*Hood v. Superior Court*, 33 Cal.App.4th 319, 324 (1995) ........................................................ 20

*In re Estate of Young*, 160 Cal.App.4th 62, 79 (2008) ................................................................ 9

*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) .............................................. 9

*Jones v. Wells Fargo Bank*, 112 Cal.App.4th 1527, 1549 (2003) .................................................... 7

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) .......................................... 10, 19

*Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993) ................................................... 18

*Legrama v. Fremont Inv. & Loan*, 2010 WL 5071600, *18 (N.D.Cal.2010)............................... 8

*Lingad v. Indymac Federal Bank*, 682 F.Supp.2d 1142, 1152 (E.D.Cal. 2010).................... 12, 15

*McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 799 (2008).......................................... 15

*McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008).............................................. 17

*Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634, 647 (2009)......................................................... 19

*Mitsui Mfrs. Bank v. Superior Court*, 212 Cal.App.3d 726, 730 (1989) ..................................... 15

*Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ......................................................... 10, 19

*Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1093 n.1 (1991) .............. 12

*Oaks Management Corporation v. Superior Court*, 145 Cal.App.4th 453, 466 (2006) ............... 12

*Parks v. Wachovia Mortg. FSB*, 2011 WL 98408, *12 (S.D.Cal.2011) ........................................ 7

*Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002)............................... 15

*People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal.App.3d 509, 530 (1984) ................ 17

*Pry Corp. of America v. Leach*, 117 Cal.App.2d 632, 639-40 (1960)............................................ 5

*Racine v. Laramie v. Department of Parks and Recreation*, 11 Cal.App.4th 1026, 1031-32 (1992)
..................................................................................................................................... 13

*Rey v. OneWest Bank, FSB*, 2013 WL 127829 * 4 (E.D.Cal. Jan.9, 2013) ........................... 16, 18

*Riggins v. Bank of America*, 2013 WL 319285, * 5 (C.D.Cal. Jan.24, 2013) ................... 6, 10, 14

*Riggins v. Bank of America, N.A.*, 2013 WL 319285, * 10 (C.D. Cal. Jan. 24, 2013) ............ 6, 14

*Rivera v. BAC Home Loans Servicing, L.P.*, 756 F.Supp.2d 1193, 1201 (N.D.Cal. 2010) .......... 11

*Roberts v. Lomanto*, 112 Cal.App.4th 1553, 1562 (2003) ........................................................... 11

*Rupisan v. JP Morgan Chase Bank, NA*, 2012 WL 3764022, at *22 (E.D.Cal. Aug.29, 2012).......
................................................................................................................................. 16, 18

*Smith v. State Farm Mutual Automobile Inc. Co.* (2001) 93 Cal.App.4th 700, 71 ....................... 17

*Spinks v. Equity Residential Briarwood Apartments*, 171 Cal.App.4th 1004, 1054 (2009).......... 13

*Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc.*, 121 Cal.App.3d 447, 457 (1981) ............ 6

*Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)............................................. 10

*Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151-52 (9th Cir. 2008) ...................... 17

*Troyk v. Farmers Group, Inc.*, 171 Cal.Ap.4th 1305, 1352 (2009) ................................... 5

*Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857-858; FRCP 15(c)(1)(B)............................... 9

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ............................ 10

*Wolf v. Walt Disney Pictures & Television*, 162 Cal.App.4th 1107, 1120 (2008) ...................... 13

**Statutes**

1689(b) ........................................................................................ 7, 18

1692 ............................................................................................ 7

28 U.S.C. § 1927 ............................................................................... 1

3412 .......................................................................................... 7, 18

Cal. Bus. & Prof. Code § 17204 ................................................................ 17

Cal. Civ. Code § 1572 .......................................................................... 9

Cal. Civ. Code § 1691 .......................................................................... 6

Cal. Code Civ. Proc. § 338(d) ................................................................. 8, 9

Cal. Fin. Code §§ 4973, 50204 ................................................................. 18

California Business & Professions Code § 17200 ............................................... 2, 16

California Civil Code §§ 1670.5 ................................................................ 7

California Financial Code § 4979.5(a)........................................................... 12

Civil Code § 2923.5 ........................................................................... 16, 18

Fed. R. Civ. Proc. ("FRCP") 9(b) .......................................................... 2, 9, 10, 19

---

## MEMORANDUM OF POINTS AND AUTHORITIES:

### I.   INTRODUCTION

This is Plaintiff GENNY D. WHITEHURST ("Plaintiff") second lawsuit against defendant BANK2 dba BANK2 NATIVE AMERICAN HOME LENDING ("BANK2" or "Defendant"). The operable Complaint before this Court is almost identical to the Complaint dismissed by Judge Ted Mendez on November 6, 2013 (Case No. 2:13-cv-02001-JAM-CKD, Doc. 14). Plaintiff was represented by the same counsel in both cases. Plaintiff did not file any opposition to BANK2's prior motion to dismiss but Judge Mendez graciously allowed Plaintiff leave to amend. Judge Mendez was prepared to sanction Plaintiff's counsel with monetary sanctions for failing to file an opposition or statement of non-opposition to the prior motion to dismiss in violation of the Court's local rules but eventually agreed not to sanction Plaintiff's counsel based upon Plaintiff's counsel's written explanation. Thereafter, Plaintiff filed a request to dismiss the prior lawsuit without prejudice on November 21, 2013. Plaintiff then filed the instant almost identical lawsuit again in state court on November 27, 2013. The only significant difference between this lawsuit and the prior lawsuit is the prior lawsuit included an additional claim for quiet title. Plaintiff counsel's conduct in refiling the same lawsuit that was previously dismissed by Judge Mendez is sanctionable under 28 U.S.C. § 1927 by unreasonable multiplying the proceedings unnecessarily. BANK2 is reserving its right to seek such sanctions.

This second Complaint should be dismissed with prejudice. Plaintiff is a borrower, who despite defaulting on her mortgage payments, is suing the original lender and current beneficiary under her Deed of Trust, BANK2, in an attempt to void the loan agreement. Plaintiff seeks to keep the subject property while contemporaneously asking the Court to void the loan agreement without enforcing Plaintiff's obligation to pay back the original loan amount

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1

of $320,369.00. Such a result would be inequitable and contrary to California law. Plaintiff's Complaint alleges BANK2 committed a fraud by approving her for this loan for which she asserts she did not qualify.  It is this purported fraud that supports all of the allegations in the Complaint. Notably, as of the current date, no notices relating to a non-judicial foreclosure action have been recorded. Additionally, Plaintiff remains in possession of the property.

Plaintiff's Complaint should be dismissed under Rule 12(b)(6) <u>again</u> because Plaintiff has failed to state a claim against BANK2 upon which relief may be granted. The premise of Plaintiff's Complaint that she should not have been given this loan is directly contradicted by an abundance of California case law that the lender's attempt to determine the creditworthiness of the borrower is for the lender's protection, not the borrower's. The entire Complaint sounds in fraud and does not meet the heightened pleading requirement under Rule 9(b). Plaintiff's breach of contract claim fails for many reasons including the fact that Plaintiff admits she breached the contract. Plaintiff's breach of the covenant of good faith and fair dealing claim fails because there is no contractual provision frustrated by BANK2 and there is no fiduciary duty between Plaintiff and BANK2. Plaintiff's claim for violation of the California Business & Professions Code § 17200 fails due to the lack of requisite particularity, lack of any borrowed law to support the claim, and there is no lost money or property alleged. Plaintiff's declaratory relief claim is derivative of the other failed claims and should be dismissed.

BANK2 respectfully requests the Court dismiss the Complaint and <u>not</u> allow leave to amend since any amendment would be futile based on the record currently before the Court. Plaintiff chose to file an almost identical Complaint to one that was previously ordered dismissed by Judge Ted Mendez on November 6, 2013. Plaintiff has shown no ability to successfully amend after <u>two</u> attempts and did not take Judge Mendez's prior ruling seriously.

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

2

## II.   **FACTUAL BACKGROUND**

### A.  Loan

On or about August 5, 2010, Plaintiff purchased real property located at 3941 Lakeview Drive, Shingle Springs, CA 95682 (the "Property"). (Complaint ("Cplt") ¶¶ 18, 20.) Plaintiff purchased the Property from two individuals and a Grant Deed was recorded on August 9, 2010. (Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), **Exhibit 1**.) In order to secure this purchase, Plaintiff borrowed $320,369.00 from BANK2 and a Deed of Trust was recorded on August 9, 2010 to reflect this lien against the Property. (**Exhibit 2** to RJN; Cplt ¶¶ 20, 24.)  Plaintiff alleges she put down $10,000 as a down payment to purchase the Property. (Cplt ¶ 21.) Plaintiff is currently behind on her payments on the loan and alleges that in "May 2013 Plaintiff received a letter from BANK2 that they are proceeding with foreclosure." (Cplt 68.) Notably, no Notice of Default has been recorded to date. Plaintiff is still in possession of the Property. (Cplt ¶ 9.)  BANK2, the original lender, is the holder of the Note.

### B.  The First Lawsuit

On August 13, 2013, Plaintiff filed an almost identical lawsuit in El Dorado County (Case No. PC20130430). (**Exhibit 3** to RJN.)  On September 25, 2013, BANK2 removed that prior lawsuit to the Eastern District and immediately filed a FRCP 12(b)(6) Motion to Dismiss. (**Exhibit 4** to RJN, Court docket, Case No. 2:13-cv-02001-JAM-CKD). Plaintiff did not file any opposition or statement of non opposition to the prior motion to dismiss. (**Exhibit 4** to RJN.) On October 29, 2013, Judge Mendez ordered the motion submitted without oral argument. (*Id.*, Doc. 11.)  On November 1, 2013, Plaintiff filed a motion for leave to file a First Amended Complaint. (*Id.*, Doc. 12.) Notably, there was no proposed First Amended Complaint attached to the motion. (*Id.*)  On November 6, 2013, Judge Mendez Granted BANK2's Motion to Dismiss but gave Plaintiff leave to amend. (*Id.*, Doc. 14.) Judge Mendez also ordered Plaintiff's

counsel to pay $150.00 as sanctions to the Clerk of the Court for failure to comply with Local Rule 230(c) [which requires a party responding to a motion to file either an opposition or statement of non-opposition] or submit a statement of good cause explaining the failure to comply with Local Rule 230(c). (*Id.*)  On November 18, 2013, Plaintiff's counsel submitted a statement and the Court did not order further sanctions. (*Id.*, Doc. 15 & 16.)  On November 21, 2013, Plaintiff filed a request to voluntarily dismiss the lawsuit without prejudice. (*Id.*, Doc. 17.)  On November 22, 2013, the Court dismissed the action pursuant to that request. (*Id.*, Doc. 18.)

On November 27, 2013 filed the instant lawsuit in El Dorado County. (**Exhibit 5** to RJN.)  The only significant change between the instant Complaint and the prior Complaint dismissed by Judge Mendez is there is no quiet title claim in this Complaint. (see **Exhibits 3 and 5** to RJN.)

### III.   PLAINTIFF'S FIRST CLAIM(S) FOR CANCELLATION OF VOID CONTRACT AND BREACH OF CONTRACT FAILS

Plaintiff's first claim(s) alleges a claim for cancellation of void contract and a claim for breach of contract. (Cplt ¶¶ 117-133.) Plaintiff has failed to plead the necessary facts to support a breach of contract claim. In addition, Plaintiff's cancellation claim fails because Plaintiff has failed to allege a tender of the $320,369.00 loan.

### A.   Plaintiff's Breach of Contract Claim Fails Because Plaintiff Failed to Alleged Her Own Performance, Plaintiff Admits Her Own Breach, and Fails to Allege a Breach by BANK2

To allege a claim for breach of contract, Plaintiff must plead (1) the existence of a contract, (2) plaintiff's performance of the contract or excuse for non-performance, (3) defendant's breach of the contract, and (4) the resulting damage to the plaintiff. *Troyk v. Farmers Group, Inc.*, 171 Cal.Ap.4[th] 1305, 1352 (2009).  The plaintiff must allege that she has

---

fulfilled her obligations and complied with any and all conditions and agreements of the contract that she is required to perform. *Pry Corp. of America v. Leach*, 117 Cal.App.2d 632, 639-40 (1960). Not only must the facts constituting the defendant's breach be stated with certainty, but there must also be an allegation that the damage to plaintiff resulting therefrom is legally actionable. *Gautier v. General Tel. Co.*, 234 Cal.App.2d 302, 305 (1965). "[I]t is elementary that one party to a contract cannot compel another to perform while he himself is in default" *Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 1367 (2010)  (citations omitted). "While the performance of an allegation can be satisfied in general terms, excuses must be pleaded specifically." *Id.* (internal quotations and citations omitted.)

Here, Plaintiff has not clearly alleged what "contract" is the basis for this claim. Plaintiff makes reference to the "loan" and "loan agreement" but Plaintiff does not allege what specific contract forms the basis for this claim. (Cplt ¶¶ 121, 123, 130-131.)  Plaintiff does not allege whether the contract it is the Deed of Trust, Note, or some other agreement between the parties. Second, Plaintiff has failed to allege Plaintiff's performance of the contract or excuse for non-performance. Conversely, Plaintiff admits she defaulted on the loan. (Cplt ¶¶ 53, 93, 123.) Third, Plaintiff has not alleged how BANK2 breached the loan contract.  Plaintiff alleges BANK2 breached the contract by "securitizing the loan and bundling it with other loans and selling the same as an investment to third party investors." (Cplt ¶ 130.) Even if this were true, Plaintiff has failed to allege how such conduct directly breached the loan agreement. Plaintiff has not alleged where in the "loan agreement" BANK2 could not securitize or sell the loan. The Deed of Trust that Plaintiff executed expressly allows for the loan to be sold. (**Exhibit 2** to RJN, ¶ 20 of DOT.) Fourth, Plaintiff has failed to allege any damage from any such breach. The foreclosure has not commenced to date, Plaintiff is still in possession of the Property, and is the owner on title. Any alleged sale or transfer of Plaintiff's loan has no impact on Plaintiff's ability

to pay off the loan and remain on title. For all the following reasons, the breach of contract claim fails.

**B.      Plaintiff's Cancellation of Void Contract Claim Fails Due to Lack of Tender**

Plaintiff's cancellation of void contract claim fails due to a failure to allege a tender and a failure to allege sufficient facts to support any such cancellation. Plaintiff seeks to cancel the "loan agreement" whereby BANK2 loaned Plaintiff $320,369.00 to purchase the Property. (Cplt ¶ 20; See also **Exhibit 2** to RJN.) In order for Plaintiff to seek such relief Plaintiff "must allege 'he has restore[d] to the other party everything of value which he has received from him under the contract or offer[ed]' to restore the same." *Riggins v. Bank of America, N.A.*, 2013 WL 319285, * 10 (C.D. Cal. Jan. 24, 2013); citing to *Cal. Civ. Code* § 1691; *Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc.*, 121 Cal.App.3d 447, 457 (1981); see also *Hague v. Wells Fargo Bank, N.A.*, 2012 WL 1029668, * 7 (N.D.Cal.2012).)  Plaintiff alleges she should not have to tender and should be allowed to keep the home for free. (Cplt ¶ 119.) Such a result would be inequitable and contrary to the requirements of *Civil Code* § 1691. The four exceptions to the tender rule alleged by Plaintiff are inapplicable to the case at bar. (Cplt ¶ 119.) The Deed of Trust is not void on its face, there is no trustee's sale to set aside at this time, it would not be inequitable to require a tender based on the facts of this case, and Plaintiff has failed to allege specific facts to support a fraud.

Further, Plaintiff's allegation that she "offers to tender any amount as may be determined to be owed at the time of trial" is insufficient. (Cplt ¶ 119.); *Riggins*, 2013 WL 319285, * 10 (offer by plaintiff to restore the property to defendants was inadequate because it is not an offer to restore "everything of value" when plaintiff received loan for $642,000 from Defendants, not home.). Thus, without an actual allegation that a tender of the $320,369.00 has been made the claim to cancel the loan contract fails. *Id.*

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

6

Notwithstanding the failure to tender, Plaintiff has failed to allege the necessary facts to support a rescission. Plaintiff seeks to cancel the loan agreement from inception based on allegations that the loan agreement is void, illegal or unlawful, and/or unconscionable. (Cplt ¶ 118, citing to *California Civil Code* §§ 1670.5, 1689(b), 1692, 3412.)  Plaintiff's allegations are too conclusory to state a claim necessary for a rescission under these theories. *Riggins*, 2013 WL 319285, * 11. In California, "unconscionability has both a procedural and substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal.4th 83, 114 (2000). The procedural and substantive elements must be alleged to invoke unconscionability. *Id.* Substantive unconscionability shocks the conscience and "concerns whether a contractual provision reallocates risks in an objectively unreasonable or unexpected manner." *Jones v. Wells Fargo Bank*, 112 Cal.App.4th 1527, 1549 (2003).

Here, Plaintiff has failed to allege any facts to show oppression or surprise due to unequal bargaining power. Plaintiff alleges the loan agreement contains "unconscionable terms, including unqualified adjustments in payments, unjust and fraudulent funding fees, and an excessive interest rate not justified based on Plaintiff's credit rating." (Cplt ¶ 120.) There have been numerous recent rulings from the California District Courts that have held plaintiffs are unable to show procedural unconscionability with similar conclusory allegations as to a loan agreement. *Riggins*, 2013 WL 319285, * 12; citing to *Estillore v. Countrywide Bank FSB*, 2011 WL 348832, *21-22 (E.D.Cal.2011) [Plaintiff's claim that bank approved him for a loan he was unqualified for and could not afford and the agreement was based on deception and unfair bargaining position unable to establish unconscionability]; *Parks v. Wachovia Mortg. FSB*, 2011 WL 98408, *12 (S.D.Cal.2011) ("The [c]omplaint fail[ed] to identify facts that there was a

lack of negotiation and meaningful choice in obtaining the loan agreement and trust deed to support procedural unconscionability."); *Legrama v. Fremont Inv. & Loan*, 2010 WL 5071600, *18 (N.D.Cal.2010) (No procedural unconscionability when '[p]laintiffs state in their [c]omplaint that [d]efendants acted from an unfair bargaining position, [but] they offer no facts in support of this contention").) Plaintiff has also failed to allege any "overly harsh or one-sided results" that shock the conscience under the substantive standard. *Armendariz,* 24 Cal.4th 83, 114 (2000); *Jones*, 112 Cal.App.4th 1527, 1549 (2003). Plaintiff has failed to allege any facts to support the procedural and substantive standard of unconscionability.

Similarly, Plaintiff's allegations as to the illegal or unlawful nature of qualifying Plaintiff for the loan are also inadequately pled. (Cplt ¶ 43, 123.) Plaintiff has failed to allege how BANK2 "had or should have had knowledge that Plaintiff was sure to default." *Riggins*, 2013 WL 319285, * 13. "Plaintiff must do more than state legal conclusions…to establish[] that the loan agreement was illegal." *Id.* Plaintiff's conclusory allegations are insufficient to support a claim to rescind the contract based on illegality or unlawfulness of the loan agreement.

For all the foregoing reasons, the first cause of action(s) for cancellation of void contract and breach of contract must be dismissed.

## IV.  PLAINTIFF'S SECOND CLAIM FOR ACTUAL FRAUD AND ENTIRE COMPLAINT THAT SOUNDS IN FRAUD FAILS BECAUSE IT DOES NOT MEET THE HEIGHTENED PLEADING REQUIREMENTS OF RULE 9, FAILS TO DEMONSTRATE ANY FRAUD COMMITTED BY BANK2, AND IS BARRED BY THE THREE YEAR STATUTE OF LIMITATIONS

Plaintiff's second claim for fraud fails because it is inadequately pled, the allegations to not rise to level of fraud, and is barred by the three year statute of limitations. (Cplt ¶ 134-165.) The statute of limitations for fraud is three years. *Cal. Code Civ. Proc.* § 338(d). "A [FRCP] 12(b)(6) motion to dismiss may raise the statute of limitations defense when the statute's

running is apparent on the complaint's face." *Survine v. Cottle*, * 4 (E.D.Cal. Jan. 8, 2013, citing to *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). This loan transaction occurred on August 5, 2010. (**Exhibit 2** to RJN, DOT dated 8/5/10, signed by Plaintiff on 8/5/10, recorded on 8/9/10; see also Cplt ¶ 20.) Plaintiff filed the first lawsuit on August 13, 2013 alleging the very same fraud allegations as to the loan origination. (**Exhibit 3** to RJN.) This second lawsuit was filed on November 27, 2013. (**Exhibit 5** to RJN.) As a result, the identical fraud claim in the instant Complaint is barred by the three-year statute of limitations because the purported fraud occurred no later than origination on August 5, 2010. The last day Plaintiff could have potentially timely filed a fraud claim was August 5, 2013. At best, this fraud claim relates back to the filing of the first lawsuit on August 13, 2013, which was still untimely. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857-858; FRCP 15(c)(1)(B). If not, the instant lawsuit filed on November 27, 2013 is also untimely. Plaintiff has failed to plead any facts to toll the statute of limitation based on discovery. *Cal. Code Civ. Proc.* § 338(d). The fraud claim is time barred.

Plaintiff has also failed to plead the necessary facts to support a claim for fraud against BANK2. In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *In re Estate of Young*, 160 Cal.App.4th 62, 79 (2008); see also *Cal. Civ. Code* § 1572.

Under the heightened pleading requirements for claims for fraud under *Federal Rule of Civil Procedure* 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." *Fed. R. Civ. Proc.* ("*FRCP*") 9(b). "To comply with *Rule 9(b)*, allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged

to constitute the fraud…" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). A plaintiff must allege the "who, what, when, where, and how of the misconduct charged" of the fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); see also *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ["[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."].   A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction...[and]…must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106.

Here, Plaintiffs have failed to allege the "who, what, when, where, and how of the misconduct charged" against BANK2. *Kearn*, 567 F.3d at1124. Plaintiff alleges generally that "Defendants…misrepresented to the Plaintiff that she qualified for the subject loan to induce Plaintiff herein to obtain the loan…" (Cplt ¶ 136.) Plaintiff's allegations are too general and conclusory to meet the strict requirements of Rule 9(b).

Further, Plaintiff has failed to allege facts as to how Plaintiff justifiably relied on BANK2's alleged misrepresentation. Similar to *Riggins v. Bank of America*, 2013 WL 319285, * 5 (C.D.Cal. Jan.24, 2013), Plaintiff's allegation of misrepresentation by BANK2 is with respect to qualifying Plaintiff for a loan she could not afford or for which she qualified. The Court in Riggins compared these same facts to the ruling in *Perlas v. GMAC Mortg., LLC* (2010) 187 Cal.App.4th 429, 436. (*Riggins*, 2013 WL 319285, *5.) In *Perlas*, the borrower/plaintiff told the bank their yearly income was $50,000 but were qualified for the loan by the bank based on a yearly income of $100,000 without their knowledge. *Perlas,* 187 Cal.App.4th at 436. The borrower sued for fraud alleging the bank misrepresented to the

borrowers that they qualified for the loan when they did not based on their actual yearly salary. *Id.* The Court in *Perlas* held the borrowers failed to state a cause of action for fraud. *Id.* The court stated that the borrowers conflate loan qualification with loan affordability. *Id.* In effect, borrowers argued that they were entitled to rely upon the bank's determination that they *qualified* for the loan in order to decide if they could *afford* the loan. *Id.* The Court in *Perlas* reasoned that the lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's. *Id.* Here, like *Perlas* and followed by *Riggins*, Plaintiff is conflating BANK2's alleged misrepresentation that she qualified for the loan based on "inflated…income" with the idea that BANK2 misrepresented to Plaintiff she could afford the loan with "inflated…income." (Cplt ¶ 142.) As in *Perlas* and *Riggins*, this reliance is unjustifiable and Plaintiff's fraud claim fails to state a cause of action against BANK2. *Riggins*, 2013 WL 319285, * 5.  Accordingly, the second claim for actual fraud should be dismissed.

**V.   PLAINTIFF'S THIRD CLAIM BREACH OF FIDUCIARY DUTY FAILS BECAUSE THERE IS NO FIDUCIARY DUTY BETWEEN PLAINTIFF AND THE ORIGINAL LENDER BANK2 AS A MATTER OF LAW**

Plaintiff's third claim for breach of fiduciary duty fails because there is no fiduciary duty as a matter of law between Plaintiff and BANK2. (Cplt ¶¶ 166-172.) To state a claim for breach of fiduciary duty, a plaintiff must show (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused by the breach. *Roberts v. Lomanto*, 112 Cal.App.4[th] 1553, 1562 (2003). "[A] lender does not owe a fiduciary duty to a borrower." *Champlaie v. BAC Home Loans Servicing, LP*, 706 F.Supp.2d 1029, 1056 (E.D. Cal. Oct. 22, 2009); see also *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F.Supp.2d 1193, 1201 (N.D.Cal. 2010) ["It is settled California law, however that '[t]he relationship between a lending

institution and its borrower-client is not fiduciary in nature.'"]  "A commercial lender is entitled to pursue its own economic interests in a loan transaction. This right is inconsistent with the obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1093 n.1 (1991). "[A]bsent special circumstances…a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *Oaks Management Corporation v. Superior Court*, 145 Cal.App.4th 453, 466 (2006). "A lender is under no duty to determine the borrower's ability to repay the loan. The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." *Perlas,* 187 Cal.App.4th 429, 436 (2010).

Here, the relationship between Plaintiff, borrower, and the original lender, BANK2, is not fiduciary in nature as a matter of law. *Champlaie,* 706 F.Supp.2d at 1056; *Rivera,* 756 F.Supp.2d at 1201. Plaintiff recognizing this fact, has attempted to plead around this legal bar by alleging that BANK2 was also the mortgage broker and subject to fiduciary duties codified under the California Financial Code § 4979.5(a). (Cplt ¶¶ 167, 170.) However, this allegation that BANK2 was also the mortgage broker is contradicted by Plaintiff's own allegation in the Complaint where she alleges that a "mortgage broker and agent of BANK2 assisted Plaintiff with the purchase." (Cplt ¶ 25.)  This allegation indicates there were two separate people and not that BANK2 was also the mortgage broker but only the lender as indicated in the DOT. (**Exhibit 2** to RJN.) Notwithstanding this direct contradiction, Plaintiff has failed to allege the name of the broker, how an agency relationship existed between BANK2 and the unnamed broker, and how BANK2 had any influence over the broker. *Lingad v. Indymac Federal Bank*, 682 F.Supp.2d 1142, 1152 (E.D.Cal. 2010). Instead, Plaintiff concludes that BANK2 is the

broker and owed a fiduciary duty to Plaintiff. (Cplt ¶¶ 167-171.)  Such conclusionary facts (that are also contradicted by Plaintiff's own allegations) are insufficient to allege a fiduciary relationship between Plaintiff and BANK2. *Lingad,* 682 F.Supp.2d at 1152.  For these reasons, the third claim for breach of fiduciary duty must be dismissed.

## VI.   PLAINTIFF'S SIXTH CLAIM FOR VIOLATION OF COVENANT OF GOOD FAITH AND FAIR DEALING FAILS BECAUSE THERE IS NO FIDUCIARY DUTY BETWEEN PLAINTIFF AND BANK2 AND PLAINTIFF HAS FAILED TO ALLEGE ANY CONTRACTUAL PROVISION FRUSTRATED BY BANK2 TO SUPPORT SUCH A CLAIM

Plaintiff's sixth claim for a violation of the covenant of good faith and fair dealing fails because there is no fiduciary duty between Plaintiff and BANK2 nor has Plaintiff alleged any contractual provision frustrated by BANK2. (Cplt ¶¶ 206-213.)  "[W]ith the exception of bad faith insurance cases, a breach of the covenant of good faith and fair dealing permits a recovery solely in contract.' *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal.App.4[th] 1004, 1054 (2009) [quoting from *Fairchild v. Park* (2001) 90 Cal.App.4[th] 919, 927]. A valid contract must be alleged and the implied covenant "cannot be extended to create obligations not contemplated by the contract." *Racine v. Laramie v. Department of Parks and Recreation*, 11 Cal.App.4[th] 1026, 1031-32 (1992). Further, the implied covenant "will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." *Wolf v. Walt Disney Pictures & Television*, 162 Cal.App.4[th] 1107, 1120 (2008).

Here, Plaintiff argues that BANK2 breached the implied covenant of good faith and fair dealing with respect to the "loan contract" under three different theories: (1) "denying the Plaintiff the benefits of the loan contract"; (2) "setting the Plaintiff up for certain default" by qualifying Plaintiff for a loan she could not afford; and (3) seeking to enforce a contract that is

"illegal and unconscionable". (Cplt ¶¶ 208, 211.)  All three theories must be rejected by this Court similar to prior rulings on these very allegations by a borrower against the lender.

First, as discussed above, it is unclear what "contract" Plaintiff alleges was breached which would support this claim for a breach of covenant. Plaintiff refers to a "loan contract" but does not specify whether it is the Deed of Trust, Note, or some other agreement that is the contract breached. Second, it is unclear what "benefits of the loan contract" BANK2 has denied Plaintiff. Plaintiff concedes she was able to purchase the Property with the loan, take possession and has willingly defaulted on that same loan. (Cplt ¶¶ 20, 53, 93, 123.) If this allegation relates to Plaintiff's failure to obtain a loan modification there is no such guarantee in the Contract (i.e. Deed of Trust) nor has Plaintiff alleged there was any such guarantee. (**Exhibit 2** to RJN.) In addition, "Plaintiff fails to allege why not offering a reasonable loan modification would frustrate the purpose of Plaintiff's rights under the contract." *Riggins v. Bank of America, N.A.*, 2013 WL 319285 at * 14 (C.D. Cal. Jan. 24, 2013).

Second, Plaintiff's theory that BANK2 breached the implied covenant by qualifying Plaintiff for a loan she could not afford is equally unavailing. *Riggins*, 2013 WL 319285 at * 14 (C.D. Cal. Jan. 24, 2013) [Court rejected Plaintiff's argument for second time that lender breached the implied covenant by "qualifying him for the loan" and dismissed claim with prejudice.] The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." *Perlas,* 187 Cal.App.4[th] at 436. Third, Plaintiff's theory that the loan is "illegal and unconscionable" and should not be enforced by BANK2 also fails because to hold that BANK2 "breached the implied covenant by enforcing their rights under the contract would be absurd." *Riggins*, 2013 WL 319285 at *14.

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In addition, Plaintiff's breach of implied covenant claim fails because there must be a fiduciary duty between BANK2 and Plaintiff to support the claim as a matter of law. *Lingad v. Indymac Federal Bank*, 682 F.Supp.2d 1142, 1154 (E.D. Cal. 2010). In *Lingad*, the Eastern District explained that a lender is subject to liability under the Covenant of Good Faith and Fair Dealing <u>only</u> when there is a fiduciary relationship:

> Under California law, "no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002) (applying California law) (citing *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal.App.3d 726, 730 (1989). "A central test of whether a lender is subject to this tort is whether there is a fiduciary relationship in which the financial dependence or personal security by the damaged party has been entrusted to the other." *(Id.)* (Quotations and citations omitted.). Further, the implied covenant "does not require parties to negotiate in good faith prior to any agreement." *McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 799 (2008). *Lingad*, 682 F.Sup.2d at 1154.

Here, as detailed above in this motion addressing the fiduciary duty claim, there is no "special relationship" alleged between Plaintiff and BANK2 beyond the normal lender/borrower roles to establish a fiduciary duty. *Lingad,* 682 F.Supp.2d at 1154. Nor has Plaintiff "identified any express provision which has been frustrated" by BANK2's conduct. *(Id.)* Also, similar to *Lingad*, "Plaintiff's claim is based upon conduct occurring during pre-contract negotiations, [wherein] the implied covenant does not apply." *Lingad* at 1155. For all these reasons, the sixth claim must be dismissed.

/ / /

/ / /

/ / /

/ / /

**VII.  PLAINTIFF'S FIFTH CLAIM FOR VIOLATION OF THE CALIFORNIA BUSINESS & PROFESSION CODE SECTION 17200 FAILS BECAUSE THE CLAIMS LACKS THE REQUISITE PARTICULARITY, THERE IS NO BORROWED LAW TO SUPPORT THE CLAIM, AND THERE IS NO LOST MONEY OR PROPERTY ALLEGED**

Plaintiff's fifth claim alleges BANK2 violated the California Business & Professions Code § 17200 ("UCL") based on the same theories addressed in the other claims in this Motion. (Cplt ¶¶ 182-205).  The shotgun allegations in support of this claim on their face appear to be inappropriate to the facts of this case. For example, there are allegations against "Defendants" (there is only one named defendant) as well as allegations as to recording documents pursuant to a non-judicial foreclosure to "fabricate the missing gaps in the chain of title" but the non-judicial foreclosure has not even commenced yet and there has bee no recorded Notice of Default, Notice of Sale, or Trustee's Deed Upon Sale. (Cplt ¶ 200.)  Similar to the other claims addressed herein, the UCL claim fails as there are not sufficient facts or supporting law to maintain this claim.

Plaintiff alleges BANK2 committed a violation of the UCL by violating California *Civil Code* § 2923.5 "by wrongfully failing and refusing to offer a reasonable loan modification without just or legal cause in violation of…2923.5." (Cplt ¶ 190.) This argument is not applicable for many reasons. First, section 2923.5 can only be violated once a Notice of Default is recorded. *Civ. Code* § 2923.5. There has been no NOD recorded to date. Second, there is no guarantee of a loan modification in 2923.5. *Rey v. OneWest Bank, FSB*, 2013 WL 127829 * 4 (E.D.Cal. Jan.9, 2013) [*Civil Code* § 2923.5 contains "no mandate that the lender extend an offer or loan modification to the borrower or that the lender acquiesce to a request by the borrower for a loan modification"], citing to *Rupisan v. JP Morgan Chase Bank, NA*, 2012 WL 3764022, at *22 (E.D.Cal. Aug.29, 2012).

The UCL prohibits unfair competition including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Cal. Bus. & Prof. Code* § 17200. "[A] plaintiff must have suffered an 'injury in fact' and 'lost money or property as a result of the unfair competition' to have standing to pursue either an individual or a representative claim under the California Unfair Competition Law." *Hall v. Time, Inc.*, 158 Cal.App.4th 847, 849 (2008); see also *Cal. Bus. & Prof. Code* § 17204. Here, Plaintiff has not alleged what money or property Plaintiff allegedly lost as a result of the purported violation of § 17200. Plaintiff merely alleges that BANK2 "has threatened to initiate foreclosure on the Residence…" (Cplt ¶ 8.) Such allegations are insufficient to support a UCL claim. *Hall v. Time, Inc.*, 158 Cal.App.4th 847, 849 (2008); see also *Cal. Bus. & Prof. Code* § 17204.

There are three prongs that can be independently violated under the UCL. As to the "unlawful" prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). To state a claim for an "unlawful" business practice under the UCL, a plaintiff must sufficiently allege the violation of any other law. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Telephone Co.,* 20 Cal.4th 163, 180 (1999). Where a plaintiff cannot state a claim under the "borrowed" law, the plaintiff cannot state a UCL claim either. *Smith v. State Farm Mutual Automobile Inc. Co.* (2001) 93 Cal.App.4th 700, 718.

As to the "unfair" prong, "[a]n unfair business practice is one that either 'offends an established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) [quoting *People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal.App.3d 509, 530 (1984)].

---

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

17

As to the "fraudulent" prong, "fraudulent acts are ones where members of the public are likely to be deceived." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151-52 (9th Cir. 2008). For all UCL claims, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation. *Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4[th] 612, 619 (1993).

Plaintiff's UCL claim has several deficiencies. First, Plaintiff does not specify with "reasonable particularity" the facts supporting the statutory elements of any purported unlawful, unfair, or fraudulent practice. Plaintiff's Complaint is ripe with conclusory statements of "fraudulent, deceptive, and unfair business practices". (Cplt ¶¶ 187, 192-194, 197, 200.) Second, to the extent Plaintiff asserts an "unlawful" UCL based on a violation of other law, the Complaint fails to state a claim of a violation of any other law based on the other claims. In addition, Plaintiff alleges violations of other statutes in the UCL claim (*Civil Code* §§ 1667, 1689(b), 1695(b), 1708-1710, 1770, 2923.5, 3412 and *Cal. Fin. Code* §§ 4973, 50204) but Plaintiff has failed to allege any facts with "reasonable particularity" to support those statutes as well. (Cplt ¶¶ 189, 191.)  In addition, some of the conclusory legal allegations fail as a matter of law. For example, Plaintiff alleges BANK2 committed a violation of the UCL by violating California Civil Code 2923.5 "by wrongfully failing and refusing to offer a reasonable loan modification without just or legal cause in violation of…2923.5." (Cplt ¶ 190.) This argument is not applicable for many reasons. First, section 2923.5 can only be violated once a Notice of Default is recorded. *Civ. Code* § 2923.5. There has been no NOD recorded to date. Second, there is no guarantee of a loan modification in 2923.5. *Rey v. OneWest Bank, FSB*, 2013 WL 127829 * 4 (E.D.Cal. Jan.9, 2013) [*Civil Code* § 2923.5 contains "no mandate that the lender extend an offer or loan modification to the borrower or that the lender acquiesce to a request by

the borrower for a loan modification"], citing to *Rupisan v. JP Morgan Chase Bank, NA*, 2012 WL 3764022, at *22 (E.D.Cal. Aug.29, 2012).

Third, to the extent Plaintiff asserts a UCL claim that is based on or grounded in fraud, it must meet the requirements of *Rule 9(b)* which it does not. *Kearns*, 567 F.3d at 1124-27; *Vess*, 317 F.3d at 1103-04. The Complaint fails to specify the role BANK2 played in the fraudulent scheme, when and where the scheme occurred, or details the specific misrepresentation(s) involved in the fraudulent scheme. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

The motion to dismiss the sixth claim under the UCL should be granted.

## VIII.   PLAINTIFF'S FIFTH CLAIM FOR DECLARATORY RELIEF FAILS BECAUSE IT SEEKS IDENTICAL RELIEF ALREADY REQUESTED IN THE OTHER CLAIMS AND IS DERIVATIVE OF THOSE CLAIMS

Plaintiff's fourth claim for declaratory relief is derivative of the other failed claims and should be dismissed. Plaintiff seeks declaratory relief for the Court to declare the "subject loan agreement is void and unenforceable based on a finding by this Court as a question of law." (Cplt ¶ 174.) Declaratory relief "operates prospectively, and not merely for the redress of past wrongs." *Babb v. Superior Court*, 3 Cal.3d 841, 848 (1971); *County of San Diego v. California*, 164 Cal.App.4[th] 580, 607 (2008). A declaratory relief action "serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventative justice, to declare rights rather than execute them." *Babb*, 3 Cal.3d at 848. (internal quotation marks omitted); see also *Meyer v. Sprint Spectrum L.P.*, 45 Cal.4[th] 634, 647 (2009) ["The purpose of a declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation."].

Courts have recognized that where "a party has a fully matured cause of action for money, the party must seek the remedy of damages, and not pursue a declaratory relief claim." *Canova v. Trs. of Imperial Irrigation Dist. Employee Pension Plan*, 150 Cal.App.4th 1487, 1497 (2007); *Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal.App.4th 1388, 1404 (2002). Similarly, where a plaintiff has alleged a substantive cause of action, a declaratory relief claim should not be used as a superfluous "second cause of action for the determination of identical issues" subsumed within the first. *Hood v. Superior Court*, 33 Cal.App.4th 319, 324 (1995) (internal quotation marks omitted); see also *Gen. of Am. Ins. Co. v. Lilly*, 258 Cal.App.2d 465, 470 (2009); *Camilo v. Wash. Mut. Bank, F.A.*, 2009 WL 3614793, *13 (E.D. Cal. Oct. 27, 2009) [declaratory relief claim dismissed as redundant where there was no reason to believe it would "resolve any issues aside from those already addressed by the substantive claims" in this case) (internal quotation marks omitted).)

Here, Plaintiff's declaratory relief claim is duplicative of Plaintiff's other claims, such as the first claim for cancellation of void contract and second claim for fraud where Plaintiff seeks to void all liens against the Property. A resolution of any of these other claims would also determine this separate claim for declaratory relief. *Hood,* 33 Cal.App.4th at 324; *Gen. of Am. Ins. Co.,* 258 Cal.App.2d at 470; *Camilo,* 2009 WL 3614793 at*13. For this reason alone, the declaratory relief claim should be dismissed. Second, the entire premise and underlying basis of Plaintiff's declaratory relief claim is flawed. Plaintiff alleges that BANK2 fraudulently qualified her for a loan she could not afford and as a result she should be able to rescind the loan and keep the house the loan enabled her to purchase. As discussed above in more detail, such allegations lack any weight or authority to support such relief. The fifth claim for declaratory relief must be dismissed.

## IX.     **CONCLUSION**

For all the foregoing reasons, BANK2 respectfully requests the Court grant this Rule 12(b)(6) motion to dismiss the Complaint because the Complaint fails to state a claim upon which relief may be granted. Leave to amend should not be granted because this is the second almost identical Complaint filed by Plaintiff. Plaintiff has shown no ability to successfully amend her claims and any further attempt to amend would be futile.

Dated:  February 14, 2014                          AMSL LEGAL GROUP, LLP


                                                   By:/s/ Chris C. Chapman
                                                      Chris C. Chapman
                                                      Attorneys for Defendant,
                                                      BANK2 dba BANK2 NATIVE
                                                      AMERICAN HOME LENDING