UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNY D. WHITEHURST, an individual and borrower,<br><br>Plaintiff,<br><br>v.<br><br>BANK2 NATIVE AMERICAN HOME LENDING, LLC, a business entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:14-cv-00318-TLN-AC<br><br>**ORDER TO SHOW CAUSE RE: REMAND TO STATE COURT** |

This matter is before the Court on Plaintiff Genny D. Whitehurst's ("Plaintiff") motion to remand pursuant to 28 U.S.C. § 1447(c).  (*See* Pl.'s Mot. to Remand, ECF No. 12.)  Defendant Bank2 Native American Home Lending, LLC ("Defendant") argues that this case was properly removed on the basis of diversity jurisdiction.  (Opp'n to Pl.'s Mot. to Remand, ECF No. 15 at 2:5–7.)  The Court finds that although Defendant has met its burden of proving that the amount in controversy exceeds $75,000, the Court is unable to determine whether diversity of citizenship exists between the parties.  Although Defendant was sued as a limited liability company, it claims Oklahoma citizenship citing the statute applicable to corporations.  (Notice of Removal, ECF No. 1 ¶ 13.)  However, Defendant does not provide any evidence of its incorporation.  Therefore, the Court *sua sponte* orders Defendant to establish the nature of its business formation and thus prove whether diversity of citizenship exists between the parties.

1

# BACKGROUND

In 2010, Plaintiff was a prospective homeowner and Defendant a mortgage lender. (Notice of Resub. of Compl., ECF No. 19, Ex. A ¶¶ 19, 22.)[1] On August 5, 2010, Plaintiff borrowed $320,369 from Defendant to purchase the residence located at 3941 Lakeview Drive in Shingle Springs, California. (ECF No. 19, Ex. A ¶¶ 18, 20.) At the time, Defendant's agent allegedly promised that Plaintiff could refinance "one or two years" later. (ECF No. 19, Ex. A ¶ 45.) When Plaintiff attempted to refinance in 2011, however, Defendant's agent allegedly stated that Plaintiff was ineligible. (ECF No. 19, Ex. A ¶ 46.) In 2012, Plaintiff lost her job and claims that Defendant refused her request to short-sell the residence. (ECF No. 19, Ex. A ¶¶ 47–49.) Instead, Defendant's agent allegedly induced Plaintiff to stop paying her mortgage, promising that her default would prompt review for, and ultimately, receipt of a loan modification. (ECF No. 19, Ex. A ¶¶ 52, 93.) Plaintiff submitted an application to modify the loan and asserts that a decision on her application is still pending. (ECF No. 19, Ex. A ¶¶ 59–61, 70.) Nevertheless, Defendant purportedly sent Plaintiff a letter in May 2013 notifying her of its intent to foreclose on the residence. (ECF No. 19, Ex. A ¶ 68.) On November 27, 2013, Plaintiff filed the instant action in Superior Court of California, County of El Dorado. (*See* ECF No. 19, Ex. A.) On January 31, 2014, Defendant removed the case to this Court. (*See* ECF No. 1.) Plaintiff moved to remand on February 25, 2014. (*See* ECF No. 12.) Defendant opposes the motion. (*See* ECF No. 15.)

# STANDARD

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). The amount in controversy is generally determined by

---

[1] Defendant's notice of removal erroneously omits the even-numbered pages of Plaintiff's complaint. On June 25, 2014, Defendant refiled a complete copy of Plaintiff's complaint, to which the Court alternatively cites in this order.

1 reference to the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

2 Where the complaint does not pray for damages in a specific amount, however, the defendant

3 must prove by a preponderance of evidence that the amount in controversy exceeds $75,000.

4 *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997), (citing *Sanchez v.*

5 *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).  Defendant's burden is met if a

6 sufficient amount in controversy is either facially apparent, or established by "summary-

7 judgment-type" evidence.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

8        The district court also requires complete diversity among the parties; that is, the

9 citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Caterpillar*

10 *Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  The party asserting federal jurisdiction bears the burden of

11 proving diverse citizenship.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986), (citing *Resnik v. La*

12 *Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).  Removal jurisdiction premised on

13 diversity is determined as of the time the complaint is filed and removal effected.  *Strotek Corp.*

14 *v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002).

15        The Ninth Circuit has instructed district courts to strictly construe the removal statute

16 against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

17 Consequently, federal jurisdiction is defeated if there is any doubt as to the right of removal in the

18 first instance.  *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.

19 1979)).  Moreover, the Supreme Court has held that there is a strong presumption against the

20 removal of diversity cases.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–290

21 (1938).  To overcome this hurdle, the defendant must prove that removal is proper.  *Gaus*, 980

22 F.2d at 566.  If at any time before final judgment it appears that the district court lacks subject

23 matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).

24 <center>**ANALYSIS**</center>

25     A.  <u>Amount in Controversy</u>

26        Plaintiff repeatedly states in her complaint that she seeks damages of no more than

27 $75,000. (ECF No. 19, Ex. A ¶¶ 133, 165, 172, 181, 204, 213.)  Plaintiff therefore asserts in her

28 motion to remand that the monetary threshold for diversity jurisdiction is not met.  (ECF No. 12

at 5:16–19.) In its opposition, Defendant argues that Plaintiff will recover well over $75,000 in "sum or value" if she prevails. (ECF No. 15 at 2:17–18.) While Plaintiff's complaint attempts to limit her own recovery at $75,000, it does not pray for damages in a specific amount. (*See* ECF No. 19, Ex. A at 43.) Thus, it is incumbent upon Defendant to prove that the amount in controversy exceeds $75,000. *Singer*, 116 F.3d at 376. To that end, Defendant argues that a sufficient amount is facially apparent from Plaintiff's complaint. (ECF No. 1 ¶ 17.)

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002), (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1997)). Here, Plaintiff prays for a declaration that her loan agreement is void and unenforceable. (ECF No. 19, Ex. A ¶ 174.) The subject deed of trust indicates that Plaintiff's loan must be repaid with interest over the course of thirty years. (ECF No. 5, Ex. 2 at 2.) Yet, Plaintiff concedes that she is in default. (*E.g.*, ECF No. 19, Ex. A ¶ 108.) Common sense dictates that the outstanding balance on Plaintiff's $320,369 loan after less than four years is greater than $75,000. Therefore, the value of her relief would far exceed the jurisdictional minimum should this Court rescind the loan agreement. Plaintiff's bald assertion that it is her "desire and decision to avoid federal jurisdiction" is unavailing. (*E.g.*, ECF No. 19, Ex. A ¶ 133.)

    B. <u>Diversity of Citizenship</u>

The parties do not dispute that Plaintiff is a citizen of California. While Plaintiff contends that Defendant was "authorized to do business in the State of California," she does not explicitly challenge Defendant's assertion that it is a citizen of Oklahoma. (ECF No. 19, Ex. A at ¶ 10.) Upon considering Plaintiff's motion, the Court notes an apparent contradiction affecting its determination as to whether the parties are diverse. On the one hand, Plaintiff has sued Defendant as a limited liability company. (*See* ECF No. 19, Ex. A.) An LLC is a citizen of every state in which its owners/members are citizens. *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Notably, Defendant does not address the citizenship of its owners. Rather, Defendant insists that it was "erroneously sued as Bank2 Native American Home Lending, LLC," and claims Oklahoma citizenship because it is an Oklahoma Banking

Corporation with its principal place of business in Oklahoma. (ECF No. 1 ¶ 13.) Indeed, a corporation is a citizen of the state(s) in which it is incorporated as well as the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Yet, Defendant fails to proffer any evidence of its incorporation. Without ascertaining Defendant's true formation, the Court is unable to determine whether Defendant recites the correct legal standard, and thus, whether it is diverse from Plaintiff.

## CONCLUSION

In light of the foregoing, Defendant is hereby ordered to show cause, within seven (7) days of the issuance of this order, as to why the Court should not remand this case to the Superior Court of California, County of El Dorado, pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: July 18, 2014

Troy L. Nunley
United States District Judge