1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8               EASTERN DISTRICT OF CALIFORNIA

9

10  GENNY D. WHITEHURST, an individual          No.  2:14-cv-00318-TLN-AC
    and borrower,

11
                        Plaintiff,

12                                              **ORDER DISCHARGING OSC RE:
           v.                                   REMAND AND DENYING PLAINTIFF'S**

13                                              **MOTION TO REMAND**

    BANK2 NATIVE AMERICAN HOME
14  LENDING, LLC, a business entity; and
    DOES 1 through 10, inclusive,

15
                        Defendants.

16

17

18          This matter is before the Court on Plaintiff Genny D. Whitehurst's ("Plaintiff") Motion to

19  Remand Pursuant to 28 U.S.C § 1447(c).  (*See* Pl.'s Mot. to Remand, ECF No. 12.)  On July 18,

20  2014, this Court ordered Defendant Bank2 Native American Home Lending, LLC[1] ("Defendant")

21  to show cause as to why the instant action should not be remanded to the Superior Court of

22  California, County of El Dorado.  (*See* Order to Show Cause [OSC], ECF No. 20.)  On July 25,

23  2014, Defendant filed its response to the Court's OSC.  (*See* Def.'s Resp. to Order to Show

24  Cause, ECF No. 21.)  Good cause appearing, the Court hereby discharges its OSC; and for the

25  reasons set forth below, Plaintiff's motion to remand to state court is DENIED.

26  / / /

27  _____

28  [1]      Notwithstanding its finding that Defendant is a corporation, not an LLC, the Court refers
    to Defendant as it was named in Plaintiff's complaint.

**STANDARD**

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending.  28 U.S.C. § 1441(a).  The district court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and which are between citizens of different states.  28 U.S.C. § 1332(a)(1).  A corporation is a citizen of the state(s) in which it is incorporated, as well as the state in which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is its nerve center: where its officers direct, control and coordinate the corporation's activities, which is typically found at its corporate headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  While it may resemble a corporation, a limited liability company is treated like a partnership for purposes of diversity jurisdiction; it is, therefore, a citizen of every state in which its owners/members are citizens.  *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  The party asserting federal jurisdiction bears the burden of proving diversity of citizenship.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).  Removal jurisdiction premised on diversity is determined as of the time the complaint is filed and removal effected.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

**ANALYSIS**[2]

In its OSC, the Court explains that it was unable to determine Defendant's citizenship because it was sued as an LLC, but claims Oklahoma citizenship citing the statute applicable to corporations.  (ECF No. 20 at 4:27–5:3.)  Since Defendant did not proffer any evidence of its incorporation, the Court ordered it to establish the nature of its business formation, and thus prove whether diversity of citizenship exists between the parties.  (ECF No. 20 at 1:26–28.)  In response, Defendant reasserts that it is an Oklahoma banking corporation with its principal place

---

[2]   The Court previously found that Defendant has met its burden of proving that the amount in controversy exceeds $75,000.  (ECF No. 20 at 3:25–4:17.)  The Court also noted that Plaintiff's California citizenship is undisputed.  (ECF No. 20 at 4:19.)  Therefore, this analysis addresses the question of Defendant's citizenship to determine whether the parties are diverse, and thus, whether the Court may exercise subject matter jurisdiction over the instant action.

1    of business in the state of Oklahoma, and provides evidence to substantiate its claim.  (ECF No.

2    21, 2:5–14.)

3          First, Defendant submits an affidavit sworn by Ross A. Hill ("Hill"), its president and

4    chief executive officer.  (*See* ECF No. 21-1.)  Therein, Hill declares that Defendant is an

5    Oklahoma chartered banking corporation with its corporate offices in Oklahoma City, Oklahoma.

6    (ECF No. 21-1 ¶ 1.)  Moreover, Hill declares that Defendant has no separate banking offices from

7    its home office in Oklahoma City, where it has been located without interruption since January

8    14, 2002.  (ECF No. 21-1 ¶ 1.)  Next, Defendant submits a photocopied certificate from the

9    Oklahoma secretary of state indicating that Defendant was an Oklahoma banking corporation in

10   good standing as of July 22, 2014.  (*See* ECF No. 21-2 at 1.)  Defendant also submits a photocopy

11   of its amended certificate of incorporation by the Oklahoma secretary of state, demonstrating that

12   it was incorporated in the State of Oklahoma on January 14, 2002.  (*See* ECF No. 21-2 at 2.)

13   Based upon this evidence, the Court finds that Defendant was, at all times relevant to its

14   determination of subject matter jurisdiction, a citizen of Oklahoma by virtue of its incorporation

15   and the location of its corporate headquarters there.  Accordingly, Defendant has met its burden

16   of proving that complete diversity of citizenship exists between the parties.

17                                          **CONCLUSION**

18          In light of the foregoing, the Court hereby discharges its OSC of July 18, 2014.

19   Consequently, Plaintiff's Motion to Remand Pursuant to 28 U.S.C § 1447(c) (ECF No. 12) is

20   hereby DENIED.

21          **IT IS SO ORDERED.**

22   Dated: August 7, 2014

23

24

25   _____

26   Troy L. Nunley
     United States District Judge

27

28

                                                3