UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNY D. WHITEHURST, an individual and borrower,<br><br>        Plaintiff,<br><br>   v.<br><br>BANK2 NATIVE AMERICAN HOME LENDING, LLC, a business entity; and DOES 1 through 10, inclusive,<br><br>        Defendants. | No. 2:14-cv-00318-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Defendant Bank2 Native American Home Lending, LLC's ("Defendant") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Def.'s Mot. to Dismiss Compl., ECF No. 4.) For the reasons set forth below, Defendant's motion with respect to Plaintiff's first, second, third, fourth and sixth causes of action is GRANTED with leave to amend. Defendant's motion with respect to Plaintiff's fifth cause of action is DENIED.[1]

/ / /

---

[1] On April 4, 2014, the Court determined that oral argument would not be of material assistance, and thus submitted this matter on the briefs pursuant to E.D. Cal. L.R. 230(g). (*See* Min. Order, ECF No. 18.)

**BACKGROUND**

In 2010, Plaintiff Genny D. Whitehurst ("Plaintiff") sought to buy a home, whereupon she obtained financing with Defendant. (Def.'s Req. for Judicial Notice, ECF No. 5, Ex. 5 ¶ 19.)[2] On August 5, 2010, Plaintiff borrowed $320,369 from Defendant to purchase the residence located at 3941 Lakeview Drive in Shingle Springs, California. (ECF No. 5, Ex. 5 ¶¶ 18, 20.) The loan was secured by a note and deed of trust, recorded in El Dorado County on August 9, 2010. (*See* ECF No. 5, Ex. 2.) The deed of trust indicates that Defendant is the original lender, and Old Republic Title Co. the trustee. (*See* ECF No. 5, Ex. 2.) Plaintiff made a down payment of $10,000, and has resided at 3941 Lakeview Drive since purchasing the home. (ECF No. 5, Ex. 5 ¶¶ 18, 21.)

Plaintiff alleges that Defendant's agent promised she could refinance "one or two years" after the receiving the loan. (ECF No. 5, Ex. 5 ¶ 45.) However, when Plaintiff attempted to refinance in 2011, Defendant's agent allegedly stated that she was ineligible. (ECF No. 5, Ex. 5 ¶ 46.) In 2012, Plaintiff lost her job and, as a result, she sought to sell her house. Plaintiff claims that Defendant refused her request to short-sell the residence. (ECF No. 5, Ex. 5 ¶¶ 48–49.) Instead, Defendant's agent allegedly induced Plaintiff to stop making mortgage payments, assuring her that once the loan was in default, it would be considered for modification. (ECF No. 5, Ex. 5 ¶ 52.) Even after she defaulted, Defendant's agents allegedly offered Plaintiff conflicting information as to whether she could, in fact, refinance her mortgage. (ECF No. 5, Ex. 5 ¶¶ 54–57.) Nevertheless, Plaintiff submitted an application to modify the loan and asserts that a decision on her application is still pending. (ECF No. 5, Ex. 5 ¶¶ 59–61, 70.)

Additionally, Plaintiff alleges that she cashed out her retirement account to pay her mortgage through February of 2013. (ECF No. 5, Ex. 5 ¶ 66.) However, Plaintiff received a letter in May of 2013 informing her that Defendant intended to foreclose on the residence. (ECF No. 5, Ex. 5 ¶ 68.) Plaintiff also claims that during the same time period, Defendant's agent phoned her and sent threatening correspondence regarding foreclosure. (ECF No. 5, Ex. 5 ¶ 95.)

---

[2] Defendant's notice of removal erroneously omits the even-numbered pages of Plaintiff's complaint. The Court alternatively cites to the complete copy of Plaintiff's complaint filed with Defendant's request for judicial notice in support of its motion to dismiss.

1  To date, Defendant has not recorded a notice of default against Plaintiff.  (ECF No. 4 at 3:13.)[3]

2        On August 13, 2013, Plaintiff filed suit against Defendant in the El Dorado County
3  Superior Court.  (*See* ECF No. 5, Ex. 3.)  On September 25, 2013, Defendant removed the action
4  to federal court, and on October 2, 2013, Defendant moved to dismiss.  (*See* ECF No. 5, Ex. 4.)
5  Plaintiff did not move to remand the case, nor did she oppose Defendant's motion to dismiss.
6  (*See* ECF No. 5, Ex. 4.)  On November 6, 2013, the court granted Defendant's motion, but
7  afforded Plaintiff leave to amend.  (*See* ECF No. 5, Ex. 4.)  Instead, Plaintiff voluntarily
8  dismissed the suit on November 21, 2013, and the case was closed on November 22, 2013.  (*See*
9  ECF No. 5, Ex. 4.)  Five days later, Plaintiff filed the instant action in state court.  (*See* ECF No.
10 5, Ex. 5.)  On January 31, 2014, Defendant removed the second suit to this Court.  (*See* Def.'s
11 Notice of Removal, ECF No. 1.)  On February 14, 2014, Defendant once again moved to dismiss.
12 (*See* ECF No. 4.)  Plaintiff opposes the motion.  (*See* Pl.'s Opp'n to Def.'s Mot. to Dismiss
13 Compl., ECF No. 14.)

14                                      **STANDARD**

15       A complaint must satisfy the requirements of Rule 8(a)(2) to survive a motion to dismiss
16 under Rule 12(b)(6).  *Porter v. Jones*, 319 F.3d 483, 494 (2003).  Specifically, the complaint must
17 provide a short and plain statement of the claim showing that the plaintiff is entitled to relief.
18 Fed. R. Civ. P. 8(a)(2).  The purpose of this requirement is to give the defendant fair notice of the
19 plaintiff's claims.  *Jones v. Cmty. Redevelopment Agency of City of L.A.*, 733 F.2d 646, 649 (9th
20 Cir. 1984).  To that end, the Supreme Court has held that a plaintiff is required to present facts
21 sufficient to render the claim plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
22 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
23 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
24 *Ashcoft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although Rule 8 does not require detailed factual
25 allegations, it does require more than bald accusations of wrongdoing.  *Id*.

26       Claims of fraud are subject to the heightened pleading requirements of Rule 9(b).  The

---

[3]     Defendant did not conform the text in both its moving and reply papers to the pleading line numbers, thus, citation to these documents is approximate.

plaintiff must state with particularity the circumstances that constitute the alleged fraud or mistake. Fed. R. Civ. P. 9(b). Malice, intent, knowledge and other conditions of one's mind may be alleged generally. *Id.* The specificity required by Rule 9(b) is intended to: (1) provide defendants with adequate notice to defend against claims and deter plaintiffs from filing pretextual complaints; (2) protect the reputations of those subject to allegations of fraud; and (3) prevent plaintiffs from imposing huge social and economic costs upon the court, litigants, and the general public without some factual basis. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (2009). Consequently, a plaintiff alleging fraud must plead more than the neutral facts necessary to identify the transaction. *Id.* at 1124 (citing *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds*, Private Securities Litigation Reform Act of 1995, Pub. L. 104–67, 109 Stat. 737). Rather, Rule 9(b) requires specific facts such as the time, place, and content of the alleged misrepresentations as well as the names of those who made them. *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). In short, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003), (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

To determine whether a complaint states a claim upon which relief can be granted, the court must accept the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Love v. U.S.*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not accept the truth of any conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A pleading is insufficient if it merely proffers legal conclusions or simply recites the elements of a claim. *Twombly*, 550 U.S. at 555. In such a case, the district court should dismiss with leave to amend unless the complaint cannot be cured by the allegation of other facts. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). In addition to futility of amendment, the court may deny leave to amend on the basis of bad faith, undue delay, prejudice to the opposing party, and if the plaintiff has previously amended the complaint. *U.S. v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The district court's discretion to deny a

plaintiff leave to amend is particularly broad where it has already afforded the plaintiff an opportunity to amend. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

## ANALYSIS

### A. Breach of Contract

To state a cause of action for breach of contract, a plaintiff must plead as follows: (1) the existence of a contract; (2) plaintiff's performance or, in the alterative, excuse(s) for nonperformance; (3) defendant's breach; and (4) resulting damages. *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006). Initially, Defendant argues that Plaintff does not clearly allege which contract serves as the basis for her claim. (ECF No. 4 at 5:10.) Defendant also asserts that Plaintiff's first cause of action fails because she does not allege a tender. (ECF No. 4 at 6:4–5.)

i. *Existence of a Contract*

First, Defendant argues that Plaintiff does not allege which contract serves as the basis for her claim. (ECF No. 4 at 5:10–12.) Indeed, Plaintiff refers in the complaint simply to a "loan agreement." (*E.g.*, ECF No. 5, Ex. 5 ¶ 130.) In her opposition, though, Plaintiff states that "[t]he contractual relationship between [Defendant] and Plaintiff lies in the Deed of Trust." (ECF No. 14 at 11:18–19.) Plaintiff does not argue that Defendant's failure to modify the subject loan constitutes a breach of the deed of trust. Rather, Plaintiff seems to contend that Defendant breached an oral agreement affording her the opportunity to refinance within one or two years. (ECF No. 5, Ex. 5 ¶ 45.) Due to Plaintiff's apparently conflicting theories, the Court is unable to determine which alleged contract serves as the basis for her first cause of action—a provision of the deed of trust or an alleged oral agreement for later modification.

While it may set forth conflicting theories of liability, a pleading must plainly and succinctly state the elements of each claim to provide the defendant with fair notice. Fed. R. Civ. P. 8(d)(3); *Jones*, 733 F.2d at 649. Here, Plaintiff's factual allegations fail to put Defendant on notice of her claims. Thus, the Court agrees with Defendant that Plaintiff has insufficiently pled the first element of her cause of action for breach of contract. Since Plaintiff fails to allege the existence of a contract, the Court need not address Defendant's arguments concerning Plaintiff's

failure to allege facts supporting the other elements of this claim. However, in an effort to apprise both parties of the Court's position, the Court discusses Defendant's argument regarding the tender rule below.

ii. *Tender Rule*

Defendant argues that Plaintiff's first cause of action must also fail because she doesn't a tender. (ECF No. 4 at 6:4–5.) "A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984). Where a party to the contract seeks rescission, the tender rule requires that he or she restore or offer to restore everything of value that he or she has received under the contract. Cal. Civ. Code § 1691(b). The rules governing tender are to be strictly enforced. *Nguyen v.* Calhoun, 105 Cal. App. 4th 428, 439 (2003).

Plaintiff's first cause of action conflates two distinct claims: first, that the contract is unconscionable and thus void; and second, that Defendant breached an ostensibly valid contract, entitling her to damages. (*See* ECF No. 5, Ex 5 ¶¶ 117–133.) Plaintiff's repeated assertion that "[she] has only ever wanted a permanent loan modification" seems to support the latter interpretation: namely, that she is requesting damages in light of Defendant's refusal to grant her a loan modification, rather than wholesale rescission of the contract. (*E.g.* ECF No. 5, Ex. 5 ¶ 107.) Still, the Court is unable to discern Plaintiff's desired remedy. If she seeks damages for breach of contract rather than rescission of the contract as void, logic dictates that the tender rule would not apply. Nor has Plaintiff alleged an adequate tender offer under the proffered facts.

iv. *Leave to Amend*

Defendant argues that Plaintiff should not be afforded leave to amend since "any amendment would be futile based on the record currently before the Court." (ECF No. 4 at 2:21–22.) To deny leave on the basis of futility, this Court must find that Plaintiff cannot allege other facts to cure the deficiencies outlined above. *Cook, et al.*, 911 F.2d at 247. Defendant has not established that Plaintiff can allege no set of facts to support her claim. Accordingly, Plaintiff's

/ / /

/ / /

first cause of action for breach of contract is dismissed without prejudice.[4]

B. Actual Fraud

Defendant challenges Plaintiff's second cause of action on three fronts. First, Defendant argues that Plaintiff's fraud claim is barred by the three year statute of limitations. (ECF No. 4 at 8:22–23.) Second, Defendant argues that Plaintiff has failed to plead the facts necessary to support her fraud claim. (ECF No. 4 at 9:17–18.) Third, and chiefly, Defendant argues that Plaintiff's fraud claim fails as a matter of law. (ECF No. 4 at 10:17–18.)

i. *Statute of Limitations*

In its motion to dismiss, Defendant argues that Plaintiff's claim for actual fraud is time barred. (ECF No. 4 at 8:21–23.) Specifically, Defendant asserts that because Plaintiff took out the subject loan on August 5, 2010, and filed the instant action on November 27, 2013, her fraud claim is precluded by the three-year statute of limitations. (ECF No. 4 at 9:2–9.) According to the statute, a cause of action is "not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Code Civ. Proc. § 338(d). In her opposition, Plaintiff asserts that she "was only able to find out about [Defendant's] fraudulent misrepresentations in 2011." (ECF No. 14 at 3:13–14.) Although Defendant counters that "Plaintiff does not allege any such discovery in the [c]omplaint," Defendant is mistaken. (Reply to Mot. to Dismiss Compl., ECF No. 17 at 6:4–5.) Plaintiff alleges in her complaint that Defendant's agent promised her the opportunity to refinance, only to tell her one year later—in 2011—that she was ineligible.[5] (ECF No. 5, Ex. 5 ¶¶ 45–46.) Consequently, even if she learned of the supposed fraud on January 1, 2011, Plaintiff filed her complaint within the statute of

---

[4] As explained more fully in the conclusion of the instant Order, <u>the Court will grant Plaintiff leave to amend her complaint only once</u>. Should her amended complaint fail to cure the deficiencies identified herein, it will be dismissed without further leave to amend.

[5] Plaintiff pleads contradictory allegations as to when she learned of the purported fraud. On the one hand, Plaintiff claims that she learned of her inability to modify the loan when she first attempted to refinance in 2011. (ECF No. 5, Ex. 5 ¶ 46.) On the other hand, Plaintiff argues that she "did *not* and could *not* without reasonable inquiry discover or determine this loss, falsehood, and tortious activity of Defendants until 2012, or thereafter, when…the terms of her loan were disclosed to her." (ECF No. 5, Ex. 5 ¶ 154; *see also* ¶¶ 31, 41.) While Plaintiff's complaint is timely in either event, the court hereby orders her that the amended complaint resolve this discrepancy.

limitations.

   ii. *Failure to Plead Sufficient Facts*

A plaintiff alleging fraud must plead as follows: (1) a misrepresentation; (2) knowledge of its falsity; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance on the misrepresentation; and (5) resulting damages. *Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1469 (2014), (citing *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996)). Defendant argues that Plaintiff's fraud claim lacks the requisite factual support that Rule 9(b) requires. (ECF No. 4 at 9:1–18.) In her opposition, Plaintiff asserts that she has alleged Defendant's fraudulent activities "with great detail." (ECF No. 14 at 6:14–16.) The Court disagrees. Plaintiff claims that Defendant misrepresented her qualification for the subject loan by inflating her income and the appraised value of her residence. (ECF No. 5, Ex. 5 ¶¶ 136, 138–139.) However, Defendant correctly argues that Plaintiff fails to state where the alleged misrepresentations were made, when they were made, and by whom. Absent this specificity, Plaintiff's allegations do not conform to the requirements of Rule 9(b). *Schreiber Distrib. Co.*, 806 F.2d at 1401.

   iii. *Plaintiff's Fraud Claim*

Defendant's primary argument is that Plaintiff's fraud claim fails as a matter of law. In her complaint, Plaintiff alleges that Defendant qualified her for a loan she could not afford by misrepresenting her income. (ECF No. 5, Ex. 5 ¶ 136.) In turn, Defendant argues that Plaintiff confuses qualification with affordability, and that California law does not recognize a cause of action for fraud where a lender misrepresents a borrower's loan qualification. (ECF No. 4 at 10:16–11:14.) In a case similar to the instant action, a mortgage lender qualified two borrowers for a loan based upon annual earnings more than twice their true income. *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 435 (2010). The borrowers defaulted, and then sued the lender for fraudulent misrepresentation. *Id.* at 432. The court held that a lender's efforts to determine a borrower's creditworthiness are intended to protect the lender, not the borrower. *Id.* at 436. Put simply, a lender owes no duty of care to a borrower in approving his or her loan. *Id.* (citing *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980)). Since the borrowers in *Perlas* did not allege that the lender expressly represented their ability to afford the loan, the court held that they

1  failed to state a cause of action for fraud. *Id.*

2  The same is true here. Plaintiff alleges that she "relied on the superior knowledge and expertise of the Defendants and their agents, and believed the representations made to her as to her qualification for the subject loan…" (ECF No. 5, Ex. 5 ¶ 151.) Plaintiff does not allege that Defendant's agents represented her ability to afford the loan; nor does she allege that Defendant's agents falsely represented any monetary figures to her. Rather, she alleges that Defendant's agents misrepresented her income to Defendant itself in order to qualify her for the subject loan.[6] As pled, Plaintiff cannot satisfy the fourth element of her fraud claim. While the Court is skeptical of her ability to adequately plead reliance, it remains unconvinced that Plaintiff cannot state a claim for fraud by alleging other facts. Therefore, Plaintiff's second cause of action for fraud is dismissed without prejudice.

C. Breach of Fiduciary Duty

To maintain her cause of action for breach of fiduciary duty, Plaintiff must plead the following: (1) the existence of a fiduciary duty; (2) breach of that fiduciary duty; and (3) damage proximately caused by the breach. *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991). Defendant argues that Plaintiff's third claim fails as a matter of law because no fiduciary duty exists between a lender and borrower. (ECF No. 4 at 12:12–13.)

Defendant is correct that, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991); *see also Ragland v. U.S. Bank Nat'l Ass'n*, 209 Cal. App. 4th 189, 206 (2012) ("No financial duty exists between a borrower and lender in an arm's length transaction."). Nevertheless, Plaintiff argues that Defendant is a broker, and thus, owed her a fiduciary duty. Indeed, "[a] mortgage loan broker owes a fiduciary duty of the 'highest

---

[6] Plaintiff also suggests a discrepancy between the appraised value of her residence and the amount Defendant reported to qualify her for the subject loan. (*E.g.* ECF No. 5, Ex. 5 ¶ 139.) To the extent that her fraud claim is premised upon this purported misrepresentation, Plaintiff's allegations do not conform to the requirements of Rule 9(b) because they are not pled with any particularity.

9

good faith toward his principal,' and 'is charged with the duty of fullest disclosure of all material facts concerning the transaction that might affect the principal's decision.'" *Barry v. Raskov*, 232 Cal. App. 3d 447, 455 (1991), (quoting *Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 782 (1979). Since the deed of trust indicates that Defendant is the original lender, Plaintiff's argument is plausible only if Defendant concurrently acted as a broker.

The Court is aware of only one circumstance in which a mortgage lender has also been deemed a broker: when it held itself out as such. *Smith v. Home Loan Services, Inc.*, 192 Cal. App. 4th 1331, 1333 (2011). In *Smith*, a borrower engaged the services of a direct lender that also brokered some of its loans to third-party lenders. *Id.* Initially, the borrower sought a home equity line of credit, but later agreed to refinance her mortgage. *Id.* While the lender ultimately funded its own loan to the borrower, its agent promised to "shop the best loan" for her. *Id.* at 1333. Under these circumstances, the court held that the lender had acted as a broker and owed the borrower certain fiduciary duties. *Id.* at 1335–1336. Here, Plaintiff alleges that Defendant "was acting in the capacity of an agent…to procure a loan for her." (ECF No. 5, Ex. 5 ¶ 168.) However, she does not explicitly allege that Defendant promised to contact other lenders on her behalf. Simply put, Plaintiff fails to meet the first element and the Court need not address the second and third elements for breach of fiduciary duty. As such, the Court dismisses Plaintiff's third cause of action without prejudice.

D. Declaratory Relief

In her fourth cause of action, Plaintiff requests a declaration from the Court that the subject loan agreement is void and unenforceable on the bases of illegality, unconscionability, and as contrary to public policy. (ECF No. 5, Ex. 5 ¶ 174.) Defendant counters that Plaintiff's claim for declaratory relief is duplicative of her first cause of action for cancellation of a void contract and second cause of action for fraud, wherein she seeks to void all liens against the property. (ECF 4 at 20:14–16.) Second, Defendant argues that Plaintiff is precluded from seeking declaratory relief because she has a fully matured cause of action for monetary damages. (ECF No. 4 at 20:1–4.)

i.  *Duplicative Claim*

Defendant argues that Plaintiff's declaratory relief claim should be dismissed because it is derivative of her other failed claims.  (ECF No. 4 at 19:13–14.)  However, Defendant misrepresents the remedies that Plaintiff seeks pursuant to her first and second causes of action.  With regard to her claim for breach of contract, Plaintiff initially argues that the loan agreement is unconscionable, but goes on to assert that Defendant is liable to her for monetary damages for its breach of an ostensibly valid contract.  (*See* ECF No. 5, Ex 5 ¶¶ 117–133.)  Moreover, Plaintiff alleges that she has suffered economic losses resulting from Defendant's purported fraud, and prays for monetary damages including exemplary and punitive damages.  (ECF No. 5, Ex. 5 ¶¶ 162–165.)  Damages serve as payment to compensate a party for injuries suffered.  *Inline, Inc. v. A.V.L. Holding Co.*, 125 Cal. App. 4th 895, 903 (2005).  Declaratory relief, on the other hand, "operates prospectively, and is not intended to correct past wrongs."  *StreamCast Networks, Inc. v. IBIS LLC*, No. CV 05-04239 MMM, 2006 WL 5720345, at *3 (C.D. Cal. May 2, 2006) (applying California law).  Since it appears that Plaintiff's first two claims are aimed at retrospective rather than prospective relief, her request for a declaratory judgment is not duplicative.

Even assuming that Plaintiff bases her fourth cause of action upon the same set of facts as her claims for breach of contract and fraud, declaratory relief is cumulative and does not foreclose additional relief.  Cal. Code Civ. Proc. § 1062; *see also Kirkwood v. Cal. State Auto. Ass'n Inter-Ins. Bureau*, 193 Cal. App. 4th 49, 59 (2011) ("The remedy of declaratory relief is cumulative and does not restrict other remedies.").  The availability of other remedies, including monetary damages, is insufficient justification for the court to refuse a declaration; as declaratory relief is not an exclusive or extraordinary measure.  *Kirkwood*, 193 Cal. App. 4th at 59, (citing *In re Claudia E.*, 163 Cal. App. 4th 627, 634 (2008)).  Rather, the court's power to render declaratory relief is discretionary.  Cal. Code Civ. Proc. § 1061.  "A court is only justified in refusing a declaration because of the availability of another remedy when it concludes that more effective relief could and should be obtained by another procedure, and for that reason a declaration will not serve a useful purpose."  *Kirkwood*, 193 Cal. App. 4th at 59–60.  At this early state of the

litigation, such a determination by this Court is inappropriate.

      ii. *Fully Matured Cause of Action*

Defendant contends that a claim for declaratory relief has no place in a complaint where the plaintiff has a fully matured cause of action for monetary damages. (ECF No. 4 at 20:1–4.) Defendant overlooks the operative aspect of the authority to which it cites: namely, that Plaintiff's cause of action for monetary damages must be *fully matured* to preclude declaratory relief. *Canova v. Trs. of Imperial Irr. Dist. Emp. Pension Plan*, 150 Cal. App. 4th 1487, 1497 (2007). Notably, Plaintiff's claim for damages may not be fully matured. For instance, Defendant allegedly threatened to foreclose upon Plaintiff's home, but has yet to record a notice of default. (ECF No. 5, Ex. 5 ¶ 95; ECF No. 4 at 3:12.) While Plaintiff remains in possession of the residence, she stands to lose her $10,000 down payment should Defendant foreclose. (ECF No. 5, Ex. 5 ¶ 96.)

The Court finds both of Defendant's arguments unpersuasive. Nevertheless, Plaintiff's cause of action for declaratory relief fails as pled. Specifically, Plaintiff argues that the loan agreement is illegal, unconscionable, and contrary to public policy without identifying the contract at issue. Since Plaintiff's allegations do not conform to the requirements of Rule 8(a)(2), her fourth cause of action is dismissed without prejudice.

    E. <u>Violation of California Business & Professions Code § 17200</u>

Plaintiff alleges that Defendant has violated the California Business and Professions Code. The statute covers "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…" Cal. Buis. & Profs. Code § 17200 ("Section 17200"). While Plaintiff's complaint repeatedly alleges "deceptive business practices," the crux of her argument is that Defendant has engaged in unlawful, unfair, and fraudulent business acts in violation of Section 17200. Defendant asserts that Plaintiff's allegations are factually deficient.[7]

---

[7] Initially, Defendant contends that Plaintiff lacks standing to bring her Section 17200 claim because she fails to allege that she "suffered an injury in fact." (ECF No. 4 at 17:3–6.) Indeed, an individual may only bring a cause of action under this statute if he or she "has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Profs. Code § 17204. Plaintiff does more than claim impending foreclosure, as Defendant argues. (ECF No. 4 at 17:9–10.) Specifically, she claims material injury in the form of lost home equity,

12

(ECF No. 4 at 18:6–8.)

The purpose of California's unfair competition law ("UCL") is to protect consumers as well as competitors by promoting fair competition for goods and services in commercial markets. *Barquis v. Merch. Collection Ass'n*, 7 Cal. 3d 94, 110 (1972). To that end, the scope of the UCL is quite broad. *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002). A plaintiff need only meet one of three criteria to state a claim for unfair competition. *South Bay Chevrolet v. Gen. Motors Accept. Corp.*, 72 Cal. App. 4th 861, 878 (1999). First, with respect to unlawful acts, the California Supreme Court has held that Section 17200 "'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under 17200." *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992). Next, a business practice may be deemed unfair, and thus a violation of Section 17200, even if it is not otherwise illegal. *Cel-Tech Commc'ns, Inc. v. L.A. Cell. Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Unfair business practices include violations of established public policy, and practices that are "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Cmty. Asst. Recovery, Inc. v. Aegis Sec. Ins. Co.*, 92 Cal. App. 4th 886, 894 (2001). Finally, a business practice may be deemed fraudulent in the context of Section 17200 if the public is likely to be deceived. *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (2000).

Here, Plaintiff argues that Defendant violated numerous provisions of the California Financial Code ("Financial Code") and Civil Code. Specifically, she cites Financial Code sections 4973 and 50204 as well as Civil Code sections 1667, 1689(b), 1708–1710, and 1770(a)(19) to argue that Defendant's business practices are unlawful, and subject to independent liability under Section 17200. (ECF No. 5, Ex. 5 ¶ 189.) Civil Code section 1709 reads, "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Cal. Civ. Code § 1709. Civil Code section 1710 provides a four part definition of deceit, which includes "[a] promise, made without any

---

attorneys' fees and costs of suit, and ruination of her credit including adverse economic consequences thereof. (ECF No. 5, Ex. 5 ¶ 198.) Although Plaintiff does not present a detailed accounting of her damages, it is clear that she alleges more than a speculative future loss.

intention of performing it." Cal. Civ. Code § 1710.  Here, Plaintiff alleges that Defendant's agents initially promised her the opportunity to refinance within one or two years, only to later tell her that Defendant does not modify loans such as hers.  (ECF No. 5, Ex. 5 ¶¶ 45, 56.)  As a consequence, Plaintiff alleges that Defendant denied her the opportunity to enter into a more favorable loan agreement with another lender.  (ECF No. 5, Ex. 5 ¶ 194.)  Instead, she has defaulted and is facing foreclosure.  (ECF No. 5, Ex. 5 ¶¶ 68, 78.)  Based upon this set of facts, the Court finds that Plaintiff sufficiently alleges a violation of Civil Code section 1709.  The Court need not address every statute cited above to conclude that Plaintiff states a valid cause of action under Section 17200.  Therefore, Defendant's motion to dismiss Plaintiff's fifth cause of action is denied.

### F. Violation of the Covenant of Good Faith and Fair Dealing

Lastly, Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing ("implied covenant").  (ECF No. 5, Ex. 5 ¶ 208.)  Specifically, she asserts that Defendant denied her the benefits of the loan contract by setting her up for certain default and by ratifying predatory lending practices.  (ECF No. 5, Ex. 5 ¶ 208.)  Further, Plaintiff accuses Defendant of facilitating fraud by accepting a loan based on falsified application documents and by falsely inducing her to believe that she was qualified for a loan that she could not afford, and on which she would certainly default.  (ECF No. 5, Ex. 5 ¶ 208.)  Defendant argues that Plaintiff's sixth cause of action fails because there is no fiduciary relationship between Plaintiff and Defendant, and also because Plaintiff fails to identify any contractual provision that Defendant frustrated.  (ECF No. 4 at 13:9–11.)

#### i. *Fiduciary Relationship*

The California Supreme Court has held that there exists in every contract an implied covenant that neither party will do anything that will injure the rights of the other to receive the benefits of their agreement.  *Schoolcraft v. Ross*, 81 Cal. App. 3d 75, 80 (1978), (citing *Brown v. Super. Ct. in and for L.A. Cnty.*, 34 Cal. 2d 559, 564 (1949)).  Citing *Lingad*, Defendant argues that Plaintiff's claim for breach of the implied covenant fails as a matter of law because there must be a fiduciary duty between the parties.  (ECF No. 4 at 15:1–3.)  Defendant misconstrues the

principles recited therein. *Lingad* states that "no cause of action for the *tortious* breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Lingad v. Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1154 (E.D. Cal. 2010) (emphasis added). Notably, contract and tort are different branches of law. *Applied Equip. Corp. v. Lillon Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994). Conduct giving rise to a breach of contract claim is tortious only when it violates a duty independent of the contract. *Id.* at 515. In other words, "an omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty." *Id.* (citing *Jones v. Kelly*, 208 Cal. 251, 255 (1929)). Here, it appears that Plaintiff's allegations are grounded in contract law, not tort law. Indeed, her claims stem from Defendant's actions with respect to forging and executing the subject loan agreement. (ECF No. 5, Ex. 5 ¶ 208.) As such, the parties' relationship need not be fiduciary in nature.

  ii. *Allegedly Frustrated Contractual Provision*

To plead a cause of action for violation of the implied covenant, a plaintiff must establish (1) the existence of a contractual obligation and (2) conduct that frustrates the other party's rights to benefit from it. *Fortaleza v. PNC Fin. Servs. Grp., Inc.*, 642 F. Supp. 2d 1012, 1021–1022 (N.D. Cal. 2009) (applying California law). While Plaintiff levels a multitude of allegations in her complaint, Defendant is correct in that it remains unclear what benefits of the loan agreement were denied Plaintiff. (ECF No. 4 at 14:3–4.) Indeed, the only discernible allegation is that Defendant promised Plaintiff a loan modification without intending to modify her loan. (ECF No. 5, Ex. 5 ¶ 210.) Over an extended period of time, Defendant allegedly fed Plaintiff misinformation regarding her ability to refinance and elicited loan modification paperwork, yet failed to either approve or deny her request to refinance. (ECF No. 5, Ex. 5 ¶ 46, 54–57, 59–61, 65, 70.) Still, the Court is unclear which contractual provisions could be said to demonstrate conduct by Defendant that otherwise frustrated Plaintiff's right to benefit from the provision and/or obligation. As such, the Court finds that Plaintiff has not alleged sufficient facts to support this cause of action. Therefore, Plaintiff's claim for violation of the implied covenant is dismissed without prejudice.

**CONCLUSION**

In light of the foregoing, Defendant's motion to dismiss (ECF No. 4) with respect to Plaintiff's first, second, third, fourth, and sixth causes of action is hereby GRANTED. Defendant's motion to dismiss with respect to Plaintiff's fifth cause of action is hereby DENIED.

/ / /

While the Court finds insufficient evidence to support Defendant's request for dismissal with prejudice, its argument is not entirely without merit. After Defendant removed Plaintiff's first suit to federal court, the Honorable John A. Mendez granted Defendant's motion to dismiss with leave to amend.[8] Nevertheless, Plaintiff voluntarily dismissed the action and re-filed a nearly identical complaint in state court five days later. (*See* ECF No. 5, Exs. 3, 5.) It seems apparent that Plaintiff has attempted to avoid curing the deficiencies in her complaint through jurisdictional gamesmanship. Therefore, the **Court will permit Plaintiff one additional opportunity to rectify the shortcomings in her complaint.** Plaintiff may file an amended complaint within 30 days of the entry of this order**. In the event that Plaintiff's amended complaint fails to satisfy the requirements of Rule 8(a)(2), and Rule 9(b) where required, such claims will be dismissed with prejudice.**

**IT IS SO ORDERED.**

Dated: September 9, 2014

Troy L. Nunley
United States District Judge

---

[8] Defendant's moving and reply papers erroneously refer to The Honorable John A. Mendez as Judge Ted Mendez. (*E.g.* ECF No. 4 at 1:7.)